08 CV 01001

51-08/MEU/SL

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DAEWOO LOGISTICS CORP.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAEWOO LOGISTICS CORP.,

                          Plaintiff,

          -against-

BRITISH MARINE PLC,

                          Defendant.
------------------------------------------------------------------------x

08 Civ _____ (_____)

**VERIFIED COMPLAINT**

          Plaintiff, DAEWOO LOGISTICS CORP. (hereinafter "DAEWOO") for its Verified

Complaint against Defendant BRITISH MARINE PLC (hereinafter "BM") alleges upon

information and belief as follows:

          1.        This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et seq.*

          2.        At all times material hereto, Plaintiff DAEWOO was and still is a foreign

business entity duly organized and existing under the laws of a foreign country with an address at

6th Floor, Daewoo Center Building, 541, Namdaemunno 5-GA, Chung-Ku, Seoul, Korea, 100-714.

3.      At all times relevant hereto, Defendant BM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 11 Manchester Square, London, W1U 3PW, United Kingdom.

4.      On or about August 6, 2007, Defendant BM, as charterer, entered into a maritime contract of charter party with Plaintiff DAEWOO, as disponent owner,[1] for two time charter trips to carry cargo on board the M/V AQUILA ATMOSPHERE.

5.      Under the charter, Defendant BM was obligated to pay charter hire at the rate of $40,500 per day pro rata, beginning upon Plaintiff DAEWOO's tender of delivery of the vessel into the service of Defendant BM.

6.      The charter further provided that hire was to be paid by Defendant BM every 15 days in advance with the first hire payment due within three days after the vessel was delivered.

7.      On August 22, 2007 at 1718 hours, Plaintiff DAEWOO duly delivered the M/V AQUILA ATMOSPHERE into the service of Defendant BM and began performance of its obligations under the charter.

8.      After delivery, off-hire disputes arose between the parties in connection with the operation of four cranes on board the vessel which presently remain ongoing.

9.      On October 8, 2007 at 2320 hours, the M/V AQUILA ATMOSPHERE was re-redelivered to Plaintiff DAEWOO upon which DAEWOO completed performance of its obligations under the charter.

10.     In breach of the charter, and despite due demand, Defendant BM has failed to pay the first hire payment for the charter period between August 22, 2007 at 1718 hours and

---

[1] DAEWOO was not the actual owner of the vessel, but instead chartered it from another entity.

September 4, 2007 at 1739 hours for net total of $179,159.99, and the last hire payment for the charter period between October 2, 2007 at 1739 hours and October 8, 2007 at 2320 hours for a net total of $238,857.43—both amounts remain due and outstanding under the charter for a sum total of $418,017.42.

11.     In an attempt to resolve its unpaid hire claims amicably, Plaintiff DAEWOO drafted an escrow agreement on terms subject to BM's approval whereby Defendant BM would deposit the total amount in dispute into an interest-bearing escrow account pending resolution between the parties.  BM has refused to accept this offer.

12.     The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and DAEWOO specifically reserves its right to arbitrate the substantive matters at issue.  Arbitration has been or will shortly be commenced.

13.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff DAEWOO's claims made or to be made in arbitration in London under English law, as agreed by the parties.

14.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

15.     Plaintiff DAEWOO estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $200,000.00. Interest anticipated to be awarded is estimated to be $62,235.18 (calculated at the rate of 7% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

16.    In all, the claim for which Plaintiff DAEWOO sues in this action, as near as presently may be estimated, totals **$680,252.60**, no part of which has been paid by Defendant BM.  Plaintiff DAEWOO specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure DAEWOO.

### Request for Rule B Relief

17.    Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant BRITISH MARINE PLC (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18.    The total amount sought to be attached pursuant to the above is **$680,252.60**.

WHEREFORE, Plaintiff DAEWOO LOGISTICS CORP. prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$680,252.60** be restrained and attached, including, but not limited to any cash,

funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant BRITISH MARINE PLC, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.       That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.       For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       January 30, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DAEWOO LOGISTICS CORP.

By: _____
       Michael E. Unger (MU 0045)
       80 Pine Street
       New York, NY  10005
       (212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

       MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

       1.     I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

       2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

       3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                              _____
                                                       Michael E. Unger

Sworn to before me this
30th day of January 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ ⌖8